Hovis, adm'x, *v.* Richmond & Danville Railroad Co.

The case being brought under the law of South Carolina, where the common law rule prevails as to the liability of a master for injuries caused to his servant by the negligence of a fellow-servant, the court, under the facts alleged in the declaration, did not err in sustaining the demurrer on the ground that no cause of action was set out therein.    *Judgment affirmed.*
October 18, 1892.

Before Judge Van Epps. City court of Atlanta. March term, 1892.

Action under the law of South Carolina, as embraced in the General Statutes of 1882, §§2183–6, for damages resulting from the homicide of Frank Hovis by the railroad company. The declaration alleges that the company operated a railroad and had depots, agents and officers in Fulton county, Georgia, and its principal place of business in Georgia in that county; that on December 8, 1890, Hovis was employed by it as front brakeman on a freight-train consisting of twenty-seven cars and the engine, on the track of defendant's railroad in South Carolina; that between eight and nine o'clock P. M. of that day, when the train reached a point where the track was on an embankment, and was coming down grade, Hovis being in his proper place on the train in the discharge of his duty, eight cars of the train, commencing with the ninth one from the engine, were suddenly thrown from the track and into the ditch beside it, and he was thrown from his position and killed; that he was entirely free from fault and negligence in and about the wreck that caused his death, and that the same was caused by and resulted from the negligence of defendant, its agents, officers and representatives: in the manner in which the train was loaded, made up and furnished the crew thereof by the company, its agents and officers, for transportation; in the character and sort of the coupling and brake machinery and apparatus on the eight derailed cars and those behind them in the train furnished by the company; in the control and manner of the control and running of the train by the conductor thereof, the agent and representative of the company; and in the manner of controlling the speed of the train by the engineer, the agent and representative of the company. The declaration further alleges, that the defendant was negligent in the loading and make-up of the train, in this: while the engine and eight first cars were supplied with air-brakes and

proper machinery for operating them, the cars follow-
ing, including the eight derailed cars, had only ordinary
hand-brake apparatus and coupling machinery in the
train; the conductor was negligent in the control of
the train, in that he failed to direct and require the
engineer, in applying the air-brakes, to do so gradually
and generally, and the engineer was negligent in that
he applied the air-brakes too suddenly and without
care. The train was approaching Greenville, was very
near defendant's yards, and was being checked up for the
purpose of stopping. Hovis was not a fellow-servant
with the servants and agents aforesaid. He did not
know of the negligence of the company aforesaid, and
the wreck happened and his death was caused without
fault on his part, by the negligence of defendant as
aforesaid, and he could not by the exercise of ordinary
care have avoided the consequences to himself of the
defendant company's negligence. The declaration
alleges his age and life expectancy, that he died in-
testate, and that the railroad of defendant reached con-
tinuously from Atlanta, Ga., into South Carolina. By
amendment it is alleged that the make-up and load-
ing of the train, as specified, was negligent and wrong
and contributed to and caused the wreck; that Hovis
did not know of such negligence, nor that the same was
an improper and negligent way in which to make up
and load a train; that the same was made up and loaded
by another department of defendant, with which he had
no connection, and was furnished to the train crew by
defendant as aforesaid; and that Hovis was ignorant of
the negligence alleged as to the brake and coupling ma-
chinery, as used in the make-up of the train, and
ignorant that such was an improper and wrong way in
which to distribute the cars so supplied with such
machinery. On demurrer the action was dismissed.

Reid & Stewart, by brief, for plaintiff.
Jackson & Jackson, by brief, for defendant.